| | |
|---|---|
| PIPE FITTERS LOCAL NO. 533 PENSION FUND (DEFINED BENEFIT); PIPE FITTERS LOCAL NO. 533 INDIVIDUAL ACCOUNT PLAN; PIPE FITTERS LOCAL UNION 533 HEALTH & WELFARE FUND; PIPE FITTERS LOCAL UNION NO. 533 EDUCATION FUND; PIPE FITTERS INDUSTRY DEVELOPMENT FUND; PLUMBERS & PIPE FITTERS NATIONAL PENSION FUND; PLUMBERS & PIPE FITTERS INTERNATIONAL TRAINING FUND; and PIPE FITTERS LOCAL UNION NO. 533,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MEUSCHKE MECHANICAL LLC<br>Serve: Meuschke Mechanical LLC<br>　　　　6729 Appleton Ave<br>　　　　Raytown, MO 64133<br><br>　　　　MO Secretary of State, Registered Agent<br>　　　　600 West Main St<br>　　　　Jefferson City, MO 65101)<br><br>　　　　Defendant. | Case No.:　18-CV-430 |

## COMPLAINT

Plaintiffs, by and through counsel, hereby submit this Complaint for their cause of action against Defendant Meuschke Mechanical LLC, and state as follows:

## NATURE OF CASE

1. This is an action to collect fringe benefit contributions from Defendant pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and membership dues from Defendant pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

## PARTIES

2. Plaintiff Pipe Fitters Local No. 533 Pension Fund (Defined Benefit) (hereinafter the "Defined Benefit Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 8600 Hillcrest Road, Suite A, Kansas City, Missouri. The Defined Benefit Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Pipe Fitters Local No. 533 Individual Account Plan (hereinafter the "Individual Account Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 8600 Hillcrest Road, Suite A, Kansas City, Missouri. The Individual Account Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Pipe Fitters Local Union 533 Health and Welfare Fund (hereinafter the "Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 8600 Hillcrest Road, Suite A, Kansas City, Missouri. The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Pipe Fitters Local Union No. 533 Education Fund (hereinafter the "Education Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 8600 Hillcrest Road, Suite A, Kansas City, Missouri. The Education Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

6. Plaintiff Pipe Fitters Industry Development Fund (hereinafter the "Industry Development Fund") is an "industrywide labor management committee" within the meaning of §

302(c)(9) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9) and maintains its principal place of business at 9229 Ward Parkway, Suite 270, Kansas City, Missouri. The Industry Development Fund is a legal entity that may sue or be sued pursuant to 29 U.S.C. § 1132(d).

7. Plaintiff Plumbers & Pipe Fitters National Pension Fund (hereinafter the "National Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of business at 103 Oronoco St., Alexandria VA. The National Pension Fund is a legal entity that may sue or be sued pursuant to 29 U.S.C. § 1132(d).

8. Plaintiff Pipe Fitters International Training Fund (hereinafter the "International Training Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of business at 103 Oronoco St., Alexandria VA. The Training Fund is a legal entity that may sue or be sued pursuant to 29 U.S.C. § 1132(d).

9. Plaintiff Pipe Fitters Local Union No. 533 (hereinafter "Local 533") is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a); and maintains its principal office at 8600 Hillcrest Road, Kansas City, Missouri. Pipe Fitters Local Union No. 533 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

10. Defendant Meuschke Mechanical LLC (hereinafter "Defendant" or "Meuschke Mechanical") is a domestic limited liability company operating within the state of Missouri and may be served at both: its principal place of business of 6719 Appleton Ave, Raytown, MO 64133; and through the Missouri Secretary of State, as Meuschke Mechanical's registered agent, at 600 West Main St, Jefferson City, MO 65101.

3

## JURISDICTION

11. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145; and also pursuant to 28 U.S.C. § 1331.

12. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

13. The Defined Benefit Pension Fund, the Individual Account Plan, the Health & Welfare Fund, the Education Fund, the Industry Development Fund, the National Pension Fund and the International Training Fund (collectively hereinafter "the Funds") are each "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

14. Local 533 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a).

15. Defendant is an employer within the meaning of 29 U.S.C. § 1002(5) and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

16. Defendant is signatory to a collective bargaining agreement with Local 533 (the "Collective Bargaining Agreement"). The Collective Bargaining Agreement has been in effect at all times relevant to this action, and continues to remain in effect through the present.

17. At all times relevant to this action, Defendant has employed at least one employee who has performed work covered by the Collective Bargaining Agreement.

18. In addition to the Collective Bargaining Agreement, Defendant is signatory to Participation Agreements with the Defined Benefit Pension Fund, the Individual Account Plan, the Health & Welfare Fund, the Education Fund, and the National Pension Fund (collectively

4

hereinafter, the "Participation Agreements").  The Participation Agreements have been in effect at all times relevant to this activity, and continue to remain in effect through the present.

19. Each of the Funds was established and operates pursuant to a written agreement and declaration of trust.  These agreements and declarations of trust are incorporated by reference into and are a material part of the Collective Bargaining Agreement and/or the Participation Agreements.

20. The Collective Bargaining Agreement and the Participation Agreements require Defendant to make monthly contributions to the Funds.  The Collective Bargaining Agreement requires Defendant to make monthly contributions in an amount based upon the number of hours that its employees perform each month engaging in work covered by the Collective Bargaining Agreement.  The Participation Agreements require Defendant to make monthly contributions in an amount based upon 160 hours for each employee covered by the Participation Agreements.

21. The Collective Bargaining Agreement and the Participation Agreements further provide that Defendant must make monthly written reports to each of the Funds indicating the number of covered employees, the wages paid to those employees, and the amounts payable to the each Fund.

22. The Collective Bargaining Agreement and the Participation Agreements, which incorporate the agreements and declarations of trust of the Funds and the duly-adopted rules of the Funds, require that contributions to the Funds be made at the end of each month. Contribution payments to the Defined Benefit Pension Fund, the Individual Account Plan, the Health & Welfare Fund, the Education Fund, and the Industry Development Fund (collectively, the "Local Funds") not made by the 10th day of the following month are deemed delinquent. Contribution payments to the National Pension Fund and International Training Fund

(collectively, the "National Funds") not made by the 20th day of the following month are deemed delinquent.

23. Defendant failed to report to the Local Funds the hours of covered work performed by its employees for the work months of July 2017 through the present, and failed to pay the Local Funds such contributions that were due and owing thereon.

24. Defendant failed to report to the National Funds the hours of covered work performed by its employees for the work months of March 2017 through the present, and failed to pay the Local Funds such contributions that were due and owing thereon.

25. As a result of its failures to report the hours of covered work performed by its employees and pay the contributions due and owing thereon to either the Local Funds or the National Funds, Defendant is in breach of the Collective Bargaining Agreement and the Participation Agreements.

26. As such, Defendant is liable to the Local Funds in an unknown amount as and for the delinquent contributions due and owing for the work months of July 2017 through the present, and to the National Funds in an unknown amount as and for the delinquent contributions due and owing for the work months of March 2017 through the present.

27. The Collective Bargaining Agreement, the Participation Agreements, and 29 U.S.C. § 1132(g)(2)(B) provide that the Funds are entitled to recover all interest that accrues upon delinquent contributions at the rate prescribed in 26 U.S.C. § 6621. As a result, Defendant is liable to the Funds in an unknown amount as and for interest on the delinquent contributions due and owing to both the Local Funds and the National Funds. The amount of interest will necessarily increase during the duration of this action.

28. The Collective Bargaining Agreement, the Participation Agreements, and 29 U.S.C. § 1132(g)(2)(C) provide that the Funds are also entitled to recover liquidated damages equal to 10% of delinquent contributions. As a result, Defendant is liable to the Funds in an unknown amount as and for liquidated damages owed upon the delinquent contributions due and owing to the Local Funds and the National Funds.

29. The Funds have incurred and continue to incur attorneys' fees and other costs in efforts to collect the delinquent contributions that Defendant owes to the Funds. The Collective Bargaining Agreement, the Participation Agreements, and 29 U.S.C. § 1132(g)(2)(D) provide that the Funds are entitled to recover such attorneys' fees and other costs. As such, the Funds are entitled to recover from Defendant the attorneys' fees and other costs that the Funds have incurred or will incur in efforts to collect the delinquent contributions that Defendant owes to the Funds, including, but not limited to, the attorneys' fees and costs of this action.

30. The Collective Bargaining Agreement entered into by and between Local 533 and Defendant requires that Defendant deduct from the wages of all employees who perform work covered by the Collective Bargaining Agreement membership dues based upon each payroll hour worked by said employees. The membership dues are to be deducted in accordance with the terms of an individual and voluntary written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 185(c).

31. The terms of the dues authorization and the Collective Bargaining Agreement require Defendant to transmit all membership dues deducted from the wages of employees to Local 533 by the end of each month. Membership dues transmittals not made by the 10th day of the following month are deemed delinquent.

32. Defendant failed to transmit to Local 533 the membership dues deducted from the wages of employees who performed work covered by the Collective Bargaining Agreement during the work months of July 2017 through the present. As a result, Defendant is in breach of the Collective Bargaining Agreement and each individual dues authorization, and is therefore liable to Local 533 in an unknown amount as and for membership dues for work performed during the work months of July 2017 through the present.

33. The Collective Bargaining Agreement entered into by and between Local 533 and Defendant also requires that Defendant deduct ten percent (10%) of the gross wages from the wages of all employees who perform work covered by the Collective Bargaining Agreement as and for contributions into each employee's individual Savings Fund account and remit that amount to Local 533. The deduction and remittance of such Savings Fund contributions are to be made in accordance with the terms of an individual and voluntary written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 185(c).

34. The terms of the written authorization and the Collective Bargaining Agreement require Defendant to remit Savings Fund contributions to Local 533 by the end of each month. Savings Fund contributions not remitted by the 10th day of the following month are deemed delinquent.

35. Defendant failed to remit to Local 533 Savings Fund contributions during the work months of July 2017 through the present. As a result, Defendant is in breach of the Collective Bargaining Agreement and each individual dues authorization, and is therefore liable to Local 533 in an unknown amount as and for Savings Fund contributions that Defendant failed to remit to Local 533 for the work months of July 2017 through the present.

36. The Collective Bargaining Agreement entered into by and between Local 533 and Defendant requires that Defendant deduct from the wages of its employees Target Fund contributions based upon each payroll hour of work covered by the Collective Bargaining Agreement performed by Defendant's employees. The Target Fund contributions are to be deducted in accordance with the terms of an individual and voluntary written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 185(c).

37. The terms of the dues authorization and the Collective Bargaining Agreement require Defendant to transmit the Target Fund contributions deducted from the wages of employees to Local 533 by the end of each month. Target Fund contributions not remitted by the 10th day of the following month are deemed delinquent.

38. Defendant failed to remit to Local 533 the Target Fund contributions deducted from the wages of employees during the work months of July 2017 through the present. As a result, Defendant is in breach of the Collective Bargaining Agreement and each individual dues authorization, and is therefore liable to Local 533 in an unknown amount as and for delinquent Target Fund contributions that Defendant failed to remit for the work months of July 2017 through the present.

39. The Collective Bargaining Agreement entered into by and between Local 533 and Defendant requires that Defendant deduct from the wages of employees contributions to a political action committee ("PAC contributions") based upon each payroll hour of work covered by the Collective Bargaining Agreement performed by its employees. The PAC contributions are to be deducted in accordance with the terms of an individual and voluntary written authorization

9

for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 185(c).

40. The terms of the dues authorization and the Collective Bargaining Agreement require Defendant to remit the PAC contributions to Local 533 by the end of each month. PAC contributions not remitted by the 10th day of the following month are deemed delinquent.

41. Defendant failed to remit to Local 533 the PAC contributions deducted from the wages of employees for work performed during the work months of July 2017 through the present. As a result, Defendant is in breach of the Collective Bargaining Agreement and each individual dues authorization, and is liable to Local 533 in an unknown amount as and for the delinquent PAC contributions that Defendant failed to remit for the work months of July 2017 through the present.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

1. Finding that Defendant is liable to:

    a. Plaintiffs the Defined Benefit Pension Fund, the Individual Account Plan, the Health & Welfare Fund, the Education Fund, and the Industry Development Fund in an amount equal to the delinquent contributions that Defendant failed to pay for the work months of July 2017 through the present, plus interest and liquidated damages;

    b. Plaintiffs the National Pension Fund and International Training Fund in an amount equal to the delinquent contributions that Defendant failed to pay for the work months of March 2017 through the present, plus interest and liquidated damages;

  c. Local 533 for the delinquent membership dues, Savings Fund contributions, Target Fund contributions, and PAC contributions that Defendant failed to remit for the work months of July 2017 through the present.

2. Requiring Defendant to permit a qualified, certified public accountant, selected by Plaintiffs, to audit the Defendant's books and records at Defendant's expense to determine the amount of contributions and dues, interest, and liquidated damages owed to Plaintiffs pursuant to the Collective Bargaining Agreement and/or the Participation Agreements;

3. Allowing Plaintiffs to apply for an award against Defendant for such delinquent contributions and dues, liquidated damages, and interest as determined to due and owing by the audit;

4. Awarding Plaintiffs their costs of this action, including Plaintiffs' reasonable attorneys' fees; and

5. Granting Plaintiffs such other relief that the Court deems just and proper.

**Blake & Uhlig, P.A.**
753 State Ave., Suite 475
Kansas City, Kansas 66101
(913) 321-8884 - Phone
(913) 321-2396 - Fax

By /s/ Frederick Zarate
 Frederick Zarate
 Missouri Bar No. 66347

**ATTORNEYS FOR THE PLAINTIFFS**